Filed 1/20/23  In re Adock CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re MARK ADOCK on Habeas Corpus. | C089547<br>(Super. Ct. No. )<br>05F01670 |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>MARK ADOCK,<br><br>      Defendant and Appellant. | 3 Crim.C089581<br><br>OPINION ON TRANSFER<br><br>MODIFICATION<br><br>[NO CHANGE IN JUDGMENT] |

THE COURT:

It is ordered that the opinion filed herein on January 13, 2023, be modified as follows:

1.     Delete the second sentence in footnote 1 on page 1 beginning with "Effective June 20, 2022," and insert the following sentence in its place:

Effective June 30, 2022, former section 1170.95 was recodified without substantive change to section 1172.6.

This modification does not change the judgment.

BY THE COURT:

_____
HULL, Acting P.J.


_____
DUARTE, J.


_____
RENNER, J.

Filed 1/13/23 In re Adock CA3 (unmodified opinion)
Opinion following transfer from Supreme Court

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| In re MARK ADOCK on Habeas Corpus. | C089547<br>(Super. Ct. No. )<br>05F01670 |
| THE PEOPLE,<br><br>      Plaintiff and Respondent,<br><br>    v.<br><br>MARK ADOCK,<br><br>      Defendant and Appellant. | 3 Crim.C089581<br><br>OPINION ON TRANSFER |

In this matter on transfer from the California Supreme Court, we reverse the trial court's denial of defendant Mark Adcock's petition for resentencing under Penal Code section 1172.6.[1]

---

[1] Further undesignated statutory references are to the Penal Code. Effective June 20, 2022, former section 1170.95 was recodified without substantive change to

1

## BACKGROUND AND ANALYSIS

Defendant was convicted of first-degree murder with robbery and burglary special circumstances and was sentenced to life without the possibility of parole. We affirmed his convictions on appeal. (*People v. Adcock* (Mar. 24, 2009, C058167) [nonpub. opn.].)

Defendant later petitioned for habeas corpus and resentencing under section 1172.6 based on changes to the felony murder rule under Senate Bill No. 1437 (Stats. 2018, ch. 1015, § 4, eff. Jan. 1, 2019) (Senate Bill 1437). Section 1176.2, also part of Senate Bill 1437, permits a person convicted of felony murder to petition the sentencing court to vacate the murder conviction and resentence the person on any remaining counts if, among other things, the petitioner could not be convicted of first- or second-degree murder due to the change in the law, i.e., he neither killed nor intended to kill and was not a major participant in the underlying felony who acted with reckless indifference to human life. (§§ 188, 189, 1172.6, subd. (a).) The trial court denied defendant's petitions, finding that neither made a prima facie case for relief under section 1172.6. It denied the resentencing petition without appointing counsel for defendant despite defendant's request and without receiving briefing from the People.

Defendant appealed the trial court's order and petitioned for habeas relief in this court. In an unpublished opinion, we denied the habeas petition and affirmed the trial court's order denying defendant's resentencing petition. On the habeas petition, we concluded sufficient evidence supported the jury's special circumstance findings that defendant was a major participant in the underlying felonies and acted with reckless indifference to human life, as those elements had been defined by the California Supreme Court after defendant's conviction in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*). On the resentencing petition, we agreed

---

section 1172.6. (Stats. 2022, ch. 58, § 10.) Defendant filed his petition under former section 1170.95, but we will refer to the current section number throughout this opinion.

the trial court committed error under section 1172.6 by not appointing counsel for defendant or receiving briefing from the People before determining whether defendant had made a prima facie case, but we held that the jury's special circumstance findings, because they were not set aside through habeas, precluded relief under section 1172.6 as a matter of law. (*In re Adcock* (Feb. 4, 2022, C089547, C089581) [nonpub. opn.].)

The California Supreme Court subsequently granted review and transferred the matter to us with directions to vacate our opinion and reconsider the cause under *People v. Strong* (2022) 13 Cal.5th 698 (*Strong*). By separate order, we vacated our decision.

In supplemental briefing after transfer, the parties agree that under *Strong* the jury's true findings on the robbery-murder and burglary-murder special circumstance allegations, made before *Banks* and *Clark*, do not render defendant ineligible for relief under section 1172.6 as a matter of law. Having reconsidered the matter, we agree.

In *Strong*, the California Supreme Court held that a jury's special circumstance findings made before *Banks* and *Clark* "do not preclude a defendant from making out a prima facie case for relief under Senate Bill 1437. This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Strong, supra*, 13 Cal.5th at p. 710.)

*Strong* further held that a trial court may not at the prima facie stage of section 1172.6 proceedings conduct a sufficiency-of-the evidence review of a special-circumstance finding which predates *Banks* and *Clark* to determine if a defendant is eligible for relief. (*Strong, supra*, 13 Cal.5th at pp. 718-720.) A substantial evidence determination "would entail factfinding prohibited at the prima facie stage." (*Id*. at p. 720.)

The Supreme Court summarized: "Section 1172.6 offers resentencing for petitioners who have not been determined beyond a reasonable doubt to have the degree of culpability now required for a murder, attempted murder, or manslaughter conviction. Neither the jury's pre-*Banks* and *Clark* findings nor a court's later sufficiency of the

3

evidence review amounts to the determination section 1172.6 requires, and neither set of findings supplies a basis to reject an otherwise adequate prima facie showing and deny issuance of an order to show cause." (*Strong, supra*, 13 Cal.5th at p. 720.)

*Strong* governs this case. Contrary to our and the trial court's holdings, neither the jury's special circumstance findings nor the trial court's finding of sufficient evidence preclude defendant from resentencing under section 1176.2. The trial court thus erred when it denied defendant's resentencing petition at the prima facie stage on those grounds.

The trial court erred further by determining that defendant had not stated a prima facie case without first providing counsel, receiving briefing, and holding a hearing to determine whether defendant had made a prima facie case for relief. (§ 1172.6, subds. (b), (c); *People v. Lewis* (2021) 11 Cal.5th 952, 963-964, 966.) The error is statutory error. (*Id*. at pp. 972-973.) As a result, it is reviewed for prejudice under the *Watson* standard of review. (*Id*. at pp. 974, 975; see *People v. Watson* (1956) 46 Cal.2d 818, 836.) Under that standard, defendant must demonstrate there is a reasonable probability that in the absence of the error, he would have obtained a more favorable result. (*Ibid*.) "More specifically, a petitioner 'whose petition is denied before an order to show cause issues has the burden of showing "it is reasonably probable that if [he or she] had been afforded assistance of counsel his [or her] petition would not have been summarily denied without an evidentiary hearing." ' [Citation.]" (*Lewis*, at p. 974.)

The error was prejudicial. It is reasonably probable that had defendant been provided counsel, counsel would have ensured that defendant's petition was not summarily denied without an evidentiary hearing in violation of the statute.

4

DISPOSITION

In C089581, the trial court's order denying the petition to vacate defendant's sentence under section 1170.95 is reversed and the matter is remanded for further proceedings not inconsistent with this opinion.

In C089547, the petition for writ of habeas corpus is dismissed as moot.

_____

HULL, Acting P. J.

We concur:

_____

DUARTE, J.

_____

RENNER, J.

5